IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE,

           Petitioner,

    v.

J.L. JAMISON, et al.,

           Respondents.

CIVIL ACTION NO.  26-1906

## ORDER

**AND NOW,** this 31st day of March 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1], Motion for a Temporary Restraining Order [Doc. No. 4], the responses thereto, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. Petitioner's current detention violates 8 U.S.C. § 1158 for failure to adjudicate his asylum application pursuant to the Immigration and Nationality Act's time requirements. When, in compliance with this order, he is subject to detention, if ever, Petitioner may be detained pursuant to the discretionary provisions of 8 U.S.C. § 1226(a), under which he is entitled a bond hearing.

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Memorandum Opinion and Order by filing an entry on the docket no later than **4:00 p.m. ET on April 1, 2026**.

3. The government is temporarily enjoined from re-detaining Petitioner for fourteen days following his release from custody.

4. If the government chooses to pursue renewed detention of Petitioner, it must first provide him with notice and an opportunity to be heard at a bond hearing, at which a

neutral immigration judge will determine whether Petitioner poses a flight risk or a danger to the community. Should renewed detention occur, the government shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

5. Petitioner's Motion for a Temporary Restraining Order [Doc. No. 4] is **DISMISSED as moot**.

It is so **ORDERED.**

**BY THE COURT:**

 **/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**
